COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


EDWARD L. JENKINS

                                              MEMORANDUM OPINION*
v.    Record No. 1052-00-1                         PER CURIAM
                                                AUGUST 8, 2000
PENINSULA ROOFING COMPANY, INC.,
 AETNA COMMERCIAL INSURANCE COMPANY
 AND VALLEY FORGE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Byron A. Adams, on brief), for appellant.

            (Roya Palmer Ewing; Law Offices of Roya
            Palmer Ewing, on brief), for appellees
            Peninsula Roofing Company, Inc. and Valley
            Forge Insurance Company.

            No brief for Aetna Commercial Insurance
            Company.


     Edward L. Jenkins (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that he sustained a new injury by accident arising out of and in

the course of his employment on July 1, 1998.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citations omitted). "[A]ggravation of an old injury or a pre-existing condition is not, per se, tantamount to a 'new injury.' To be a 'new injury' the incident giving rise to the aggravation must, in itself, satisfy each of the requirements for an 'injury by accident arising out of . . . the employment.'" First Fed. Sav. & Loan Ass'n v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove that he sustained a new injury by accident on July 1, 1998, the commission made the following findings:

> [Claimant] testified that on July 1, 1998, he experienced an "excruciating pain like a pop . . ." in his back which forced him to rest (Tr. at 37). The claimant admitted that he completed the work shift and returned the following day. Contrary to this testimony, the Employer's First Report of Accident dated August 13, 1998, reflects

- 2 -

that he reported that his back pain occurred from "constant getting up & down, bending & stooping, picking up buckets of glue and primer."  Similarly, on August 18, 1998, the claimant described a vague experience of severe numbness without a distinct onset of pain.  He stated that he and [Johnny L.] Haywood [, Jr.] had just started rolling glue and picking up rubber and that the "pain just started increasing. . . ." (Rec. St. at 4).

In addition, to the claimant's unconvincing and contradictory testimony, the medical record does not support that a compensable work-related incident occurred on July 1, 1998.  It is clear that prior to that date he continued to experience back pain which rendered him unable to work and prompted him to seek medical care. . . . Dr. [Maurice O.] Murphy excused the claimant from work on July 6, 1998.  There was no mention of an intervening accident.  On July 7, 1998, the claimant told Dr. [C. Lee] Ginsburgh that his low back pain had been bothersome for three weeks.  Significantly, Dr. Ginsburgh's office notes from July 7, July 21, and September 25, 1998, all reference an injury date of February 13, 1996.  Furthermore, on July 20, 1998, the claimant advised Dr. [Hallett H.] Mathews that he had been involved in a motor vehicle accident.  He inexplicably failed to mention any work incident on July 1, 1998.  Although Dr. [Peter M.] Klara's office saw the claimant on August 5, 1998, no one recorded a new incident.  Instead, continued pain from the surgery was noted.  Dr. Mathews first alluded to an unspecified early-July injury on September 21, 1998.  Then, on October 7, 1998, he described "a recent accident on 7/1/98. . . ." and opined that the claimant was not healthy prior to this accident.  Again, no details were noted.  On November 3, 1998, Dr. Mathews' operative report described the motor vehicle accident and worsening symptomatology.

> . . . [T]he [October 27, 1998 Attending
> Physician's] [R]eport mentions that the
> claimant was "hurt @ work July 1, 1998" and
> that treatment was rendered on July 2, 1998.
> [However,] [t]here is no corresponding
> office note from this date. . . . [T]his
> information merely alludes to the
> speculation that the claimant incurred a
> work-related accident. Regardless, he must
> still prove a discreet, identifiable
> incident occurred. At most, on November 23,
> 1998, Dr. Mathews "assumes" a new date of
> injury after some vague lifting accident.
> There is no description of a pop, twisting,
> or using the glue and rubber.

The commission's findings are supported by the record. In this instance, the issue of whether claimant sustained a new injury by accident on July 1, 1998, rather than an exacerbation of his February 13, 1996 back injury, was dependent upon claimant's credibility. In light of the inconsistencies between his testimony, his August 18, 1998 recorded statement, and the information he provided on August 12, 1998 for Employer's First Report of Accident, coupled with the lack of any medical history of an identifiable incident occurring on July 1, 1998 until at least October 7, 1998 despite ongoing medical treatment, the commission was entitled to reject the testimony of claimant and his friend, Johnny Haywood. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Based upon this record, we cannot say as a matter of law, that claimant's evidence sustained his burden of proving a new injury by accident occurring on July 1, 1998.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>